UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARBARA PREJEAN                                    CIVIL ACTION

VERSUS                                             NO: 20-904

ASHFORD LE PAVILLON LP, ET AL.                     SECTION: "A" (5)

### ORDER

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 47)** filed by the defendants, Ashford Le Pavillon LP and Safety National Casualty Corp. The plaintiff, Barbara Prejean, opposes the motion. The motion, submitted for consideration on June 22, 2022, is before the Court on the briefs without oral argument.

The plaintiff, Ms. Barbara Prejean, sustained serious injuries at the Le Pavillon Hotel located in downtown New Orleans, Louisiana. The incident occurred on December 9, 2018. On August 26, 2020, the Court denied Defendants' motion to dismiss based on prescription. (Rec. Doc. 16, Order).

The fall occurred as Plaintiff had been standing at the top of the front steps of the hotel on Poydras Street. These steps have no top landing so when the doors are open the steps begin. A male employee of the hotel was standing at the bottom of the steps when he asked to help Plaintiff with her luggage. He did not come up the steps so Plaintiff assumed that she was to hand the luggage down to him. She had a piece of luggage in each hand. Plaintiff in trying to hand off the luggage lost her balance and fell.

A jury trial is scheduled for August 8, 2022. (Rec. Doc. 37, Scheduling Order).

Defendants move for summary judgment based on the contention that Plaintiff

was 100 percent at fault for the incident.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

Again, Defendants' motion is based on the contention that the jury can only reach one reasonable conclusion: that Plaintiff was 100 percent at fault for the fall. The fact-finder is tasked with apportioning fault between the parties, so if a reasonable jury could apportion even 1 percent of the fault to Defendants, the motion for summary judgment must be denied.

The Court is persuaded that summary judgment is not proper and would usurp the role of the jury. Defendants may persuade the jury that Plaintiff was wholly at fault for the fall but making that determination is not this Court's role. Based on the structure of the Poydras Street steps, a reasonable jury might conclude that the male hotel employee should have come up the steps to take the bags rather than making Plaintiff reach down while having no landing to work with, and obviously trying to control two bags. This might be even more problematic for Defendants if Plaintiff was elderly or otherwise likely to fall due to some obvious infirmity.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 47)** filed by the defendants, Ashford Le Pavillon LP and Safety National Casualty Corp., is **DENIED**.

June 27, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE